# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ALABAMA, EASTERN DIVISION

In re:                                              **Case No.** 19−40650−JJR7
John R. Williams and Carlyn R. Williams              **Chapter** 7
    **Debtor(s)**

                                                       **AP No.** 20−40006−JJR

Rocco J. Leo
    **Plaintiff(s)**

vs.

Capstar Bank
f/k/a American Security Bank and Trust, Trustmark National Bank
and Jeffrey R. Williams
    **Defendant(s)**

## SUMMONS IN AN ADVERSARY PROCEEDING

**YOU, Trustmark National Bank, ARE SUMMONED** and required to file a motion or answer to the complaint which is attached to this summons to the Clerk of the Bankruptcy Court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days.

| Address of Clerk: | United States Bankruptcy Court<br>1129 Noble Street, Room 117<br>Anniston, AL 36201 |
| --- | --- |

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| Name and Address of Plaintiff's Attorney: | Max C. Pope Jr<br>P O Box 2958<br>Birmingham, AL 35202 |
| --- | --- |

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

Dated:  February 3, 2020



                                 Joseph E. Bulgarella, Clerk
                                 United States Bankruptcy Court

                                 By: /s/ Angela S. Curvin

# CERTIFICATE OF SERVICE

I, __Max C. Pope, Jr.__ (name), certify that service of this summons and a copy of the complaint was made __02/10/2020__ (date) by:

XX    Mail Service: Regular, first class United States mail, postage fully pre-paid, addressed to:

Trustmark National Bank
7522 Front Beach Rd
Panama City Beach, FL 32407

Trustmark National Bank
c/o Duane A. Dewey
Chief Operating Officer & Director
248 East Capitol Street
Jackson Mississippi 39201

Trustmark National Bank
c/o Gerald R. HostPresident,
Chief Executive
Officer & Director
248 East Capitol Street
Jackson Mississippi 39201

Trustmark National Bank
c/o Gilbert L. Fontenot
P.O. Box 1281
Mobile, AL 36633-1281

Trustmark National Bank
Post Office Box 291
Jackson, MS 39205

CT Corporation System,
as Registered Agent of
Trustmark National Bank
2 North Jackson Street,
Suite 605
Montgomery, AL 36104

☐    Personal Service: By leaving the process with defendant or with an officer or agent of defendant at:

☐    Residence Service: By leaving the process with the following adult at:

☐    Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail address to the following officer of the defendant at:

☐    Publication: The defendant was served as follows: [Describe briefly]

☐    State Law: The defendant was served pursuant to the laws of the State of _____, as follows: [Describe briefly]

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.

Date    _February 10, 2020_          Signature _____

Print Name:          __Max C. Pope, Jr.__

Business Address:    __Post Office Box 2958__

__Birmingham, AL 35202__

(205) 327-5566

max@maxpopejr.com

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| In Re:<br>John R. Williams<br>SSN: xxx-xx-8227<br>Carlyn R. Williams<br>SSN: xxx-xx-7588<br>95 Moss Hill Lane<br>Pell City, AL 35128 | )<br>)<br>)<br>)<br>)<br>)<br>) | **Bankruptcy Case No.**<br><br>**19-40650-JJR-7**<br><br>**Chapter 7** |
| Debtors. | ) | |
| Rocco J. Leo, as Trustee of the<br>Bankruptcy Estate of John R. Williams<br>and Carlyn R. Williams,<br><br>Plaintiff,<br><br>vs.<br><br>Capstar Bank fka American Security<br>Bank and Trust, Trustmark National<br>Bank and Jeffrey R. Williams,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Adversary Proceeding No.:**<br><br>20-40006-JJR |

## COMPLAINT

Comes now Rocco J. Leo, Trustee, by and through his attorney and states the following claims or causes of action against Capstar Bank fka American Security Bank and Trust ("Capstar"), Trustmark National Bank ("Trustmark") and Jeffrey R. Williams (hereinafter collectively referred to as "Defendants") pursuant to Title 11 United States Code Section 544. As grounds for said complaint, the Plaintiff states the following:

1. John R. Williams and Carlyn R. Williams filed a Voluntary Petition for Relief under Chapter 7 of Title 11 United States Code on the 17th day of April, 2019.

2. Rocco J. Leo is the duly appointed Trustee in the above-styled Chapter 7 case.

3. This Court has jurisdiction over this matter pursuant to Title 28 United States Code Sections 1334 and 157.

4. This adversary proceeding is a core proceeding under Title 11 United States Code Section 157.

5.    On September 9, 2008, Phillips Builders, LLC executed a Warranty Deed to John R. Williams and wife, Carlyn R. Williams, the Debtors, and Jeffrey R. Williams, married, conveying the real property located at 119 Tara Lane, Goodlettsville, TN 37072, more particularly described in Exhibit "A" ("Property") which was recorded by the Register of Sumner County, Tennessee on September 12, 2008 at Instrument No. 894284 (Exhibit "B").

6.    On July 11, 2011, a document titled Final Judgment attached as Exhibit "C" was recorded by the Register of Sumner County, Tennessee. This document was the Certificate of Judgment created in Florida and recorded in Bay County, Florida.

7.    Upon information and belief, in July of 2011 Trustmark did file an action to domesticate its Judgment from Florida in Tennessee. No Certificate of Judgment or abstract from this action was ever recorded in the Register of Sumner County, Tennessee.

8.    On September 12, 2018, a Deed of Trust ("DOT") executed by the Debtors in favor of American Security Bank and Trust was recorded by the Register of Sumner County, Tennessee (Exhibit "D").

9.    Capstar bank is the assignee and/or successor in interest of the DOT attached as Exhibit "D."

10.    Jeffrey R. Williams, one of the property owners, did not execute the Deed of Trust.

11.    Jeffrey R. Williams is the son of the Debtors.

12.    Other than easements and covenants of record, at the time the Debtors' Chapter 7 was filed, there had been no conveyance of title to the Property.

13.    The Debtors' 2/3 interest in the Property is property of the Debtors' Bankruptcy Estate pursuant to Title 11 United States Code Section 541.

**COUNT I**
**Section 544 Trustmark Bank**

14.    The Plaintiff realleges and readopts Paragraphs 1 through 13 as if set out herein.

15.    The document filed by Trustmark Bank has not followed the requirements of

2

recording a judgment in Tennessee as required by <u>Tennessee Code</u> Sections 25-5-101 through 109.

16. Section 25-5-101(b)(1) creates a lien by the recording of a certified copy of a "judgment of any court of general sessions of this state shall create a lien on the debtor's land." (A copy of Section 25-5-101(a)(1) is attached as Exhibit "E")

17. In order for any Tennessee judgment lien to be effective against a third party, not a party to the judgment, an abstract must also be filed pursuant to Section 25-5-101(c).

18. Section 25-5-102 requires the abstract to be certified by the Clerk of the Court. (A copy of Section 25-5-102 is attached as Exhibit "F")

18. Trustmark has failed to record an abstract from a Court in Tennessee or one that has been certified by the Clerk of a Court.

19. The recording of Trustmark (Exhibit "C") is not valid as to third parties and subsequent interest holders.

20. Pursuant to Title 11 <u>United States Code</u> Section 544(a), the Trustee, as a judgment lien creditor and bonafide purchaser, would prime the claim of Trustmark in the Property.

Wherefore, upon the above-stated premises, the Plaintiff requests this Court enter a judgment against Capstar avoiding any effect of the document filed by Capstar and set forth in Exhibit "D" pursuant to Section 544(a) or such other relief as the Court deems appropriate.

<u>**COUNT II**</u>
<u>**Capstar Bank**</u>

21. The plaintiff realleges and readopts Paragraphs 1 through 20 as if set out herein.

22. As all the owners of the Property did not execute the DOT as required by the <u>Tennessee Code</u> Section 66-24-101 <u>et seq</u> and Section 66-22-101 <u>et seq</u>.

23. This DOT is invalid as to third parties.

24. The failure to have all the owners of the Property to execute the DOT renders the mortgage invalid under the <u>Tennessee Code</u> to third parties.

3

25.     Pursuant to Title 11 United States Code Section 544(a), the Trustee, as a judgment lien creditor and bonafide purchaser, would prime the claim of Capstar in the Property.

Wherefore, upon the above-stated premises, the Plaintiff requests this Court enter a judgment against Trustmark avoiding any effect of the document filed by Trustmark and set forth in Exhibit "C" pursuant to Section 544(a) or such other relief as the Court deems appropriate.

## COUNT III
### (Right, Title and Interest)

26.     The plaintiff realleges and readopts Paragraphs 1 through 25 as if set out herein.

Wherefore, upon the above-stated premises, the Plaintiff requests this Court enter an Order determining each party's right, title and interest in the Property or such other relief as the Court deems appropriate.

Dated the 31st day of January, 2020.


_____
Max C. Pope, Jr.
Attorney for Trustee, Rocco J. Leo
Post Office Box 2958
Birmingham, Alabama 35202
(205) 327-5566

4

**Defendants'Address:**
Capstar Bank
c/o Timothy K. Schools
President and Chief Executive Office
P.O. Box 305065
Nashville, TN 37230-5065

Capstar Bank
c/o Tom Lawless
Lawless & Associates, P.C.
701 Broadway Customs House Suite 403
Nashville, TN 37203

Jeffrey R. Williams
400 Turner Road
Pell City, AL 35128

Trustmark National Bank
c/o Gerald R. Host
President, Chief Executive Officer & Director
248 East Capitol Street
Jackson Mississippi 39201

Trustmark National Bank
c/o Duane A. Dewey
Chief Operating Officer & Director
248 East Capitol Street
Jackson Mississippi 39201

Trustmark National Bank
c/o Gilbert L. Fontenot
P.O. Box 1281
Mobile, AL 36633-1281

Trustmark National Bank
7522 Front Beach Rd
Panama City Beach, FL 32407

Trustmark National Bank
Post Office Box 291
Jackson, MS 39205

CT Corporation System, as Registered Agent of
Trustmark National Bank
2 North Jackson Street, Suite 605
Montgomery, AL 36104

# EXHIBIT A

Land located in the 6th Civil District of Sumner County, Tennessee and being Unit 4-B of THE VINEYARD AT TWELVE STONES CROSSING, A HORIZONTAL PROPERTY REGIME WITH PRIVATE ELEMENTS, WHICH IS A PLANNED UNIT DEVELOPMENT, created under Title 66, Chapter 27, Section 103(b) Tennessee Code Annotated, and as established by Declaration of Covenants, Conditions and Restrictions for The Vineyard at Twelve Stones Crossing, of record in Record Book 2364, Page 146, Register's Office for Sumner County, Tennessee, reference is hereby made to the Plat of The Vineyard at Twelve Stones Crossing set forth in Exhibit C of said Declaration for the locate of the Unit described herein.

o. 80664

**WARRANTY DEED** SEP 1 2 2008

4.00 SI/001

ENTERED
John C. Isbell
PROPERTY ASSESSOR

Lot# 143F A

MAP___ GP___ CTL___ PAR___

PREPARED BY AND/OR RETURN TO:
Hallmark Title Company
100 Bluegrass Commons Blvd.
Suite 115
Hendersonville, TN 37075

STATE OF TENNESSEE
COUNTY OF SUMNER
THE ACTUAL CONSIDERATION OR VALUE, WHICHEVER IS
GREATER, FOR THIS TRANSFER IS $289,000.00

_____ Affiant

SUBSCRIBED AND SWORN TO BEFORE ME, THIS THE 9TH
DAY OF SEPTEMBER, 2008.

_____
Notary Public

MY COMMISSION EXPIRES: 2-08-12
(AFFIX SEAL)

(seal: NOTARY PUBLIC / E. PHILLIPS / SUMNER COUNTY / TENNESSEE)

THIS INSTRUMENT PREPARED BY:
Hallmark Title Company
100 Bluegrass Commons Boulevard, Suite 115, Hendersonville, TN 37075

| ADDRESS NEW OWNER(S) AS FOLLOWS:<br>John R. Williams | SEND TAX BILLS TO: | MAP-PARCEL NUMBERS<br>143F-A/004.00 si 001 |
|---|---|---|
| (NAME) | (NAME) | |
| 119 Tara Lane | " " | |
| (ADDRESS) | (ADDRESS) | |
| Goodlettsville, TN 37072 | " " | |
| (CITY) (STATE) (ZIP) | (CITY) (STATE) (ZIP) | |

FOR AND IN CONSIDERATION OF THE SUM OF TEN DOLLARS, CASH IN HAND PAID BY THE HEREINAFTER NAMED GRANTEES, AND OTHER GOOD AND VALUABLE CONSIDERATIONS, THE RECEIPT OF WHICH IS HEREBY ACKNOWLEDGED, WE, Phillips Builders, LLC, A Tennessee limited liability company, HEREINAFTER CALLED THE GRANTORS, HAVE BARGAINED AND SOLD, AND BY THESE PRESENTS DO TRANSFER AND CONVEY UNTO John R. Williams and wife, Carlyn R. Williams, and Jeffrey R. Williams, married, as tenants in common with right of survivorship, HEREINAFTER CALLED THE GRANTEES, THEIR HEIRS AND ASSIGNS, A CERTAIN TRACT OR PARCEL OF LAND IN SUMNER COUNTY, STATE OF TENNESSEE, DESCRIBED AS FOLLOWS, TO-WIT:

Land located in the 6th Civil District of Sumner County, Tennessee and being Unit 4-B of The VINEYARD AT TWELVE STONES CROSSING, A HORIZONTAL PROPERTY REGIME WITH PRIVATE ELEMENTS, WHICH IS A PLANNED UNIT DEVELOPMENT, created under Title 66, Chapter 27, Section 103(b) Tennessee Code Annotated, and as established by Declaration of Covenants, Conditions and Restrictions for The Vineyard at Twelve Stones Crossing, of record in Record Book 2364, Page 146, Register's Office for Sumner County, Tennessee, reference is hereby made to the Plat of The Vineyard at Twelve Stones Crossing set forth in Exhibit C of said Declaration for the locate of the Unit described herein.

Being the same property conveyed to Phillips Builders, LLC, a Tennessee limited liability company by deed from E. Phillips Development, LLC, a Tennessee limited liability company, dated September 9, 2008 and in Book __3017__, Page __7_____, Register's Office, Sumner County, Tennessee.

Declaration of Covenants, Conditions and Restrictions of record in Book 2364, page 146, said Register's Office.

unimproved ☐
This is improved ☒ property, known as      119 Tara Lane, Unit 4B, Goodlettsville, TN 37072

(House Number)   (Street)   (P.O. Address)   (City or Town)   (Postal Zip)

TO HAVE AND TO HOLD the said tract or parcel of land, with the appurtenances, estate, title and interest thereto belonging to the said GRANTEES, their heirs and assigns forever; and we do covenant with the said GRANTEES that we are lawfully seized and possessed of said land in fee simple, have a good right to convey it and the same is unencumbered, unless otherwise herein set out; and we do further covenant and bind ourselves, our heirs and representatives, to warrant and forever defend the title to the said land to the said GRANTEES, their heirs and assigns, against the lawful claims of all persons whomsoever. Wherever used, the singular number shall include the plural, the plural the singular, and the use of any gender shall be applicable to all genders.

Case 20-40006-JJR   Doc 9   Filed 02/10/20   Entered 02/10/20 15:59:53   Desc Main
Case 20-40006-JJR   Doc 1   Filed 01/31/20   Entered 01/31/20 16:49:13   Desc Main
Document   Page 9 of 25

File No. 80664
Witness my hand this 9th day of September, 2008.

Phillips Builders, LLC

By: _E. Randall Phillips_

E. Randall Phillips, II, President

STATE OF TENNESSEE

COUNTY OF SUMNER

Before me, the undersigned, a Notary Public within and for the State and County aforesaid, personally appeared E. Randall Phillips, II with whom I am personally acquainted and who upon his oath acknowledged himself to be the President of Phillips Builders, LLC, the within named bargainor, and limited liability company, and that he as such President being authorized so to do, executed the foregoing instrument for the purposes therein contained by signing the name of the limited liability company, by the said E. Randall Phillips, II as such President.

Witness my hand and official seal this 9th day of September, 2008.

Commission expires: 2-28-12

Notary Public

IN THE CIRCUIT COURT, FOURTEENTH JUDICIAL CIRCUIT
OF THE STATE OF FLORIDA, IN AND FOR BAY COUNTY

Filed 2011022203
OR BK 3321 Pages 2055 - 2058
RECORDED 06/09/11 13:47:38
Bill Kinsaul, Clerk
Bay County, Florida
DEPUTY CLERK GB
#1
Trans # 1035398

TRUSTMARK NATIONAL BANK,

    Plaintiff,

vs.                   Case No.: 09-6593 CA

JOHN R. WILLIAMS, individually,
CARYLN WILLIAMS, individually,
SEAVIEW VILLAGE FLORIDA COTTAGE
OWNERS ASSOCIATION, INC., a Florida non profit
corporation, and UNKNOWN TENANTS,

    Defendants.

**FILED**
**10:35 A** M
JUL 1 2 2011
MAHAILIAH HUGHES, CLERK
BY _____ D.C

---

<u>FINAL JUDGMENT</u>

    THIS CAUSE, having come on for hearing before the Court upon the motion of the plaintiff,

TRUSTMARK NATIONAL BANK, ("Plaintiff"), for entry of a deficiency judgment, and the Court

having reviewed the motion together with the pleadings and other papers contained in the file

maintained in this case, having heard argument of counsel for the Plaintiff and having reviewed

valuation and other evidence presented by the Plaintiff, and otherwise being fully apprised of the

merits, the Court finds as follows:

    The Plaintiff is entitled to a deficiency judgment in its favor in an amount equal to the

difference between the amount found to be due and owing pursuant to the Court's previously entered

Summary Final Judgment, including post-judgment interest and attorneys' fees, and the value of the

subject property, on the day of the foreclosure sale, which property was encumbered by the mortgage

which was the subject of the foreclosure action, and allowing credit for the fair market value of the

property.

Pamela L. Whitaker, Register
Sumner County Tennessee
Rec #: 767879    Instrument #: 989296
Rec'd:    20.00      Recorded
State:    0.00    9/1/2011 at 10:17 AM
Clerk:    0.00     in Record Book
EDP:      2.00       3462
Total:    22.00      Pgs 704-707

H:\...\Williams (John) Final Deficiency Judgment (w amounts).wpd      1

9.Frank m Fly

Case 20-40006-JJR    Doc 9    Filed 02/10/20    Entered 02/10/20 15:59:53    Desc Main
Case 20-40006-JJR    Doc 1    Filed 01/31/20    Entered 01/31/20 16:49:13    Desc Main
Document    Page 11 of 25

THEREFORE, IT IS HEREBY

ORDERED AND ADJUDGED that Plaintiff, TRUSTMARK NATIONAL BANK, whose mailing address is 7522 Front Beach Road, Panama City Beach, FL 32407, shall recover the following:

1. From the defendants, JOHN R. WILLIAMS and CARLYN WILLIAMS, (collectively, the "Defendants"), jointly and severally, the sum of $259,119.36, as the principal balance due on the Summary Final Judgment entered in this action, $2,302.56 as interest from the date of the Summary Final Judgment to the date of the foreclosure sale, $2,470.22 as interest from the date of the foreclosure sale to the date of this deficiency judgment, and $300.00 in costs making a total of $264,192.14.

2. That Plaintiff is entitled to an award of reasonable attorneys' fees. Plaintiff's attorneys reasonably expended or will expend the following time in representing Plaintiff in this action:

| Attorney's Name | Hours |
|---|---|
| Roland W. Kiehn, Esq. | 6.7 |
| Colin L. McMichen, Esq. | 1.0 |
| Carol Grissett, Paralegal | 1.0 |
| Total | 8.7 |

Reasonable hourly rates for the plaintiff's attorneys in this case are:

| Attorney's Name | Hourly Rate |
|---|---|
| Roland W. Kiehn, Esq. | $250.00 |
| Colin L. McMichen, Esq. | $175.00 |
| Carol Grissett, Paralegal | $ 70.00 |

The above findings of fact were made after consideration of all of the criteria set forth in Florida Patients' Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), including but not limited to application of the following factors:

(a) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(b) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude employment of the Plaintiff's counsel by others or cause antagonisms with other clients;

(c) The fee customarily charged in the locality for similar legal services;

(d) The amount involved in the controversy and the benefits resulting to the Plaintiff;

(e) The time limitations imposed by the Plaintiff or the circumstances;

(f) The nature and length of the professional relationship with the Plaintiff;

(g) The experience, reputation, and ability of the lawyer performing the services; and

(h) The contingency or certainty of a fee.

Accordingly, in addition to the foregoing total described in paragraph 1 above, there is also due and owing to Plaintiff, TRUSTMARK NATIONAL BANK, by the Defendants, jointly and severally, the further sum of $1,745.00, which last mentioned sum the Court determines to be reasonable and just amount to be allowed, and which is hereby allowed as Plaintiff's attorneys' fees for the services of Barron, Redding, Hughes, Fite, Sanborn, Kiehn, Leebrick & Dickey, P.A., attorneys in this suit.

3. That the total of the sums hereinabove described in paragraphs 1 and 2 is due and owing to Plaintiff, TRUSTMARK NATIONAL BANK, by the Defendants, JOHN R. WILLIAMS and CARLYN WILLIAMS, jointly and severally, making a total sum of $265,937.14, (hereinafter the "Total Sum"), that shall bear interest at the legal rate (currently 6.0% per annum), and for which

Total Sum let execution issue forthwith.

    4.    It is further ordered and adjudged that the judgment debtors, JOHN R. WILLIAMS and CARLYN WILLIAMS, shall each complete under oath a Florida Rule of Civil Procedure Form 1.977(a), (Fact Information Sheet), including all required attachments, and serve it on Plaintiff's attorney, within forty-five (45) days from the date of this Final Judgment, unless this Final Judgment is satisfied or post-judgment discovery is stayed. Jurisdiction of this case is retained to enter further orders that are proper to compel the Defendants to complete Form 1.977(a), including all required attachments, and serve it on the Plaintiff's attorney.

    DONE AND ORDERED in Chambers at Panama City, Bay County, Florida on this 5 day of May, 2011.

CIRCUIT COURT JUDGE

*s/Hentz McClellan*

Hon. Hentz McClellan

Copies Furnished To:

Roland W. Kiehn, Esq.
Joe Silva, Esq.
Elizabeth Walters, Esq.
Joan Williams

Address of Judgment Lienholder:

Trustmark National Bank
7522 Front Beach Road
Panama City Beach, FL 32407



A CERTIFIED TRUE COPY
BILL KINSAUL CLERK
OF THE CIRCUIT COURT
By _____
Deputy Clerk

A CERTIFIED TRUE COPY
BILL KINSAUL CLERK
OF THE CIRCUIT COURT
By _____
Deputy Clerk

H\WKGehzH1rustmark\RWilliams (John)\Final and Deficiency Judgment (w amounts).wpd

4

Case 20-40006-JJR   Doc 9   Filed 02/10/20   Entered 02/10/20 15:59:53   Desc Main

Case 20-40006-JJR   Doc 1   Filed 01/31/20   Entered 01/31/20 16:49:13   Desc Main
Document   Page 14 of 25

PREPARED BY AND/OR RETURN TO:
Hallmark Title Company
100 Bluegrass Commons Blvd.
Suite 115
Hendersonville, TN 37075

EXHIBIT "D"

**RECORDATION REQUESTED BY:**
American Security Bank and Trust
101 Springhouse Court
Hendersonville, TN 37075

**WHEN RECORDED MAIL TO:**
American Security Bank and Trust
101 Springhouse Court
Hendersonville, TN 37075

**SEND TAX NOTICES TO:**
American Security Bank and Trust
101 Springhouse Court
Hendersonville, TN 37075

**OWNER:**
John R Williams
Carlyn R Williams
119 Tara Ln
Goodlettsville, TN 37072

```
                    Pamela L. Whitaker, Register
                       Sumner County Tennessee
Rec #: 706619
Rec'd:       45.00    Instrument #: 894285
State:      263.50
Clerk:        1.00            Recorded
EDP:          2.00    9/12/2008 at 9:57 AM
Total:      311.50              in
                     Record Book 3017 Pgs 10-18
```

FOR RECORDER'S USE ONLY

This Deed of Trust prepared by:

Name: Kandice Wells, Consumer Loan Officer
Company: American Security Bank and Trust
Address: 101 Springhouse Court
City, State, ZIP: Hendersonville, TN 37075

## DEED OF TRUST
### THIS IS AN OPEN-END MORTGAGE

MAXIMUM PRINCIPAL INDEBTEDNESS FOR TENNESSEE RECORDING TAX PURPOSES IS $231,200.00.

MAXIMUM LIEN. NOTWITHSTANDING THE MAXIMUM PRINCIPAL INDEBTEDNESS STATED HEREIN, GRANTOR HAS THE RIGHT TO REDUCE THE MAXIMUM CREDIT LIMIT SO LONG AS THE REDUCED AMOUNT IS EQUAL TO OR EXCEEDS THE OUTSTANDING BALANCE UNDER THE CREDIT AGREEMENT AT THE TIME OF SUCH REQUEST. If Grantor wishes to reduce the limit on the maximum amount of principal indebtedness to be secured under this Deed of Trust, Grantor must send Lender a notice of limitation and, on or before the effective date of the notice, file a copy of the notice for recordation in the appropriate register's office as an amendment to the Deed of Trust. Lender has the right, upon receipt of such notice, to send Grantor a notice which requires Grantor to return to Lender any checks, credit cards or other access devices. The maximum limit on the total amount of principal indebtedness secured by this Deed of Trust at any time is $231,200.00.

THIS DEED OF TRUST is dated September 9, 2008, among John R Williams and Carlyn R Williams, whose address is 119 Tara Ln, Goodlettsville, TN 37072 ("Grantor"); American Security Bank and Trust, whose address is 101 Springhouse Court, Hendersonville, TN 37075 (referred to below sometimes as "Lender" and sometimes as "Beneficiary"); and Mark D. Thomas, whose address is 101 Springhouse Court, Hendersonville, TN 37075 (referred to below as "Trustee").

CONVEYANCE AND GRANT. For and in consideration of Five Dollars ($5.00) cash in hand paid, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Grantor has bargained and sold, and does hereby bargain, sell, convey and confirm unto the Trustee in trust, with Power of Sale, for the benefit of Lender as Beneficiary, all of Grantor's right, title, and interest in and to the following described real property, together with all existing or subsequently erected or affixed buildings, improvements and fixtures; all easements, rights of way, and appurtenances; all water, water rights and ditch rights (including stock in utilities with ditch or irrigation rights); and all other rights, royalties, and profits relating to the real property, including without limitation all minerals, oil, gas, geothermal and similar matters, (the "Real Property") located in Sumner County, State of Tennessee:

See Exhibit A, which is attached to this Deed of Trust and made a part of this Deed of Trust as if fully set forth herein.

The Real Property or its address is commonly known as 119 Tara Ln, Goodlettsville, TN 37072.

CROSS-COLLATERALIZATION. In addition to the Credit Agreement, this Deed of Trust secures all obligations, debts and liabilities, plus interest thereon, of either Grantor or Borrower to Lender, or any one or more of them, as well as all claims by Lender against Borrower and Grantor or any one or more of them, whether now existing or hereafter arising, whether related or unrelated to the purpose of the Credit Agreement, whether voluntary or otherwise, whether due or not due, direct or indirect, determined or undetermined, absolute or contingent, liquidated or unliquidated, whether Borrower or Grantor may be liable individually or jointly with others, whether obligated as guarantor, surety, accommodation party or otherwise, and whether recovery upon such amounts may be or hereafter may become barred by any statute of limitations, and whether the obligation to repay such amounts may be or hereafter may become otherwise unenforceable.

REVOLVING LINE OF CREDIT. This Deed of Trust secures the Indebtedness including, without limitation, a revolving line of credit, which obligates Lender to make advances to Borrower up to the maximum principal Indebtedness of $231,200.00 so long as Borrower complies with all the terms of the Credit Agreement. Such advances may be made, repaid, and remade from time to time, subject to the limitation that the total outstanding balance owing at any one time, not including finance charges on such balance at a fixed or variable rate or sum as provided in the Credit Agreement, any temporary overages, other charges, and any amounts expended or advanced as provided in either the Indebtedness paragraph or this paragraph, shall not exceed the Credit

Limit as provided in the Credit Agreement. It is the intention of Grantor and Lender that this Deed of Trust secures the balance outstanding under the Credit Agreement from time to time from zero up to the Credit Limit as provided in the Credit Agreement and any intermediate balance. The initial advance under the terms of the Credit Agreement is to be applied toward the purchase of the Property.

**DURATION OF CREDIT AGREEMENT.** The duration of the open-end Credit Agreement is 180 (one hundred eighty) months.

Grantor presently assigns to Lender (also known as Beneficiary in this Deed of Trust) all of Grantor's right, title, and interest in and to all present and future leases of the Property and all Rents from the Property. In addition, Grantor grants to Lender a Uniform Commercial Code security interest in the Personal Property and Rents.

**THIS DEED OF TRUST, INCLUDING THE ASSIGNMENT OF RENTS AND THE SECURITY INTEREST IN THE RENTS AND PERSONAL PROPERTY, IS GIVEN TO SECURE (A) PAYMENT OF THE INDEBTEDNESS AND (B) PERFORMANCE OF EACH OF GRANTOR'S AGREEMENTS AND OBLIGATIONS UNDER THE CREDIT AGREEMENT, THE RELATED DOCUMENTS, AND THIS DEED OF TRUST. THIS DEED OF TRUST IS GIVEN AND ACCEPTED ON THE FOLLOWING TERMS:**

**GRANTOR'S REPRESENTATIONS AND WARRANTIES.** Grantor warrants that: (a) this Deed of Trust is executed at Borrower's request and not at the request of Lender; (b) Grantor has the full power, right, and authority to enter into this Deed of Trust and to hypothecate the Property; (c) the provisions of this Deed of Trust do not conflict with, or result in a default under any agreement or other instrument binding upon Grantor and do not result in a violation of any law, regulation, court decree or order applicable to Grantor; (d) Grantor has established adequate means of obtaining from Borrower on a continuing basis information about Borrower's financial condition; and (e) Lender has made no representation to Grantor about Borrower (including without limitation the creditworthiness of Borrower).

**GRANTOR'S WAIVERS.** Grantor waives all rights or defenses arising by reason of any "one action" or "anti-deficiency" law, or any other law which may prevent Lender from bringing any action against Grantor, including a claim for deficiency to the extent Lender is otherwise entitled to a claim for deficiency, before or after Lender's commencement or completion of any foreclosure action, either judicially or by exercise of a power of sale.

**PAYMENT AND PERFORMANCE.** Except as otherwise provided in this Deed of Trust, Borrower and Grantor shall pay to Lender all Indebtedness secured by this Deed of Trust as it becomes due, and Borrower and Grantor shall strictly perform all their respective obligations under the Credit Agreement, this Deed of Trust, and the Related Documents.

**POSSESSION AND MAINTENANCE OF THE PROPERTY.** Borrower and Grantor agree that Borrower's and Grantor's possession and use of the Property shall be governed by the following provisions:

**Possession and Use.** Until the occurrence of an Event of Default, Grantor may (1) remain in possession and control of the Property; (2) use, operate or manage the Property; and (3) collect the Rents from the Property.

**Duty to Maintain.** Grantor shall maintain the Property in good condition and promptly perform all repairs, replacements, and maintenance necessary to preserve its value.

**Compliance With Environmental Laws.** Grantor represents and warrants to Lender that: (1) During the period of Grantor's ownership of the Property, there has been no use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance by any person on, under, about or from the Property; (2) Grantor has no knowledge of, or reason to believe that there has been, except as previously disclosed to and acknowledged by Lender in writing, (a) any breach or violation of any Environmental Laws, (b) any use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance on, under, about or from the Property by any prior owners or occupants of the Property, or (c) any actual or threatened litigation or claims of any kind by any person relating to such matters; and (3) Except as previously disclosed to and acknowledged by Lender in writing, (a) neither Grantor nor any tenant, contractor, agent or other authorized user of the Property shall use, generate, manufacture, store, treat, dispose of or release any Hazardous Substance on, under, about or from the Property; and (b) any such activity shall be conducted in compliance with all applicable federal, state, and local laws, regulations and ordinances, including without limitation all Environmental Laws. Grantor authorizes Lender and its agents to enter upon the Property to make such inspections and tests, at Grantor's expense, as Lender may deem appropriate to determine compliance of the Property with this section of the Deed of Trust. Any inspections or tests made by Lender shall be for Lender's purposes only and shall not be construed to create any responsibility or liability on the part of Lender to Grantor or to any other person. The representations and warranties contained herein are based on Grantor's due diligence in investigating the Property for Hazardous Substances. Grantor hereby (1) releases and waives any future claims against Lender for indemnity or contribution in the event Grantor becomes liable for cleanup or other costs under any such laws; and (2) agrees to indemnify, defend, and hold harmless Lender against any and all claims, losses, liabilities, damages, penalties, and expenses which Lender may directly or indirectly sustain or suffer resulting from a breach of this section of the Deed of Trust or as a consequence of any use, generation, manufacture, storage, disposal, release or threatened release occurring prior to Grantor's ownership or interest in the Property, whether or not the same was or should have been known to Grantor. The provisions of this section of the Deed of Trust, including the obligation to indemnify and defend, shall survive the payment of the Indebtedness and the satisfaction and reconveyance of the lien of this Deed of Trust and shall not be affected by Lender's acquisition of any interest in the Property, whether by foreclosure or otherwise.

**Nuisance, Waste.** Grantor shall not cause, conduct or permit any nuisance nor commit, permit, or suffer any stripping of or waste on or to the Property or any portion of the Property. Without limiting the generality of the foregoing, Grantor will not remove, or grant to any other party the right to remove, any timber, minerals (including oil and gas), coal, clay, scoria, soil, gravel or rock products without Lender's prior written consent.

**Removal of Improvements.** Grantor shall not demolish or remove any Improvements from the Real Property without Lender's prior written consent. As a condition to the removal of any Improvements, Lender may require Grantor to make arrangements satisfactory to Lender to replace such Improvements with Improvements of at least equal value.

**Lender's Right to Enter.** Lender and Lender's agents and representatives may enter upon the Real Property at all reasonable times to attend to Lender's interests and to inspect the Real Property for purposes of Grantor's compliance with the terms and conditions of this Deed of Trust.

**Compliance with Governmental Requirements.** Grantor shall promptly comply with all laws, ordinances, and regulations, now or hereafter in effect, of all governmental authorities applicable to the use or occupancy of the Property. Grantor may contest in good faith any such law, ordinance, or regulation and withhold compliance during any proceeding, including appropriate appeals, so long as Grantor has notified Lender in writing prior to doing so and so long as, in Lender's sole opinion, Lender's interests in the Property are not jeopardized. Lender may require Grantor to post adequate security or a surety bond, reasonably satisfactory to Lender, to protect Lender's interest.

**Duty to Protect.** Grantor agrees neither to abandon or leave unattended the Property. Grantor shall do all other acts, in addition to those acts set forth above in this section, which from the character and use of the Property are reasonably necessary to protect and preserve the Property.

**DUE ON SALE - CONSENT BY LENDER.** Lender may, at Lender's option, declare immediately due and payable all sums secured by this Deed of Trust upon the sale or transfer, without Lender's prior written consent, of all or any part of the Real Property, or any interest in the Real Property. A "sale or transfer" means the conveyance of Real Property or any right, title or interest in the

Real Property; whether legal, beneficial or equitable; whether voluntary or involuntary; whether by outright sale, deed, installment sale contract, land contract, contract for deed, leasehold interest with a term greater than three (3) years, lease-option contract, or by sale, assignment, or transfer of any beneficial interest in or to any land trust holding title to the Real Property, or by any other method of conveyance of an interest in the Real Property. However, this option shall not be exercised by Lender if such exercise is prohibited by federal law or by Tennessee law.

**TAXES AND LIENS.** The following provisions relating to the taxes and liens on the Property are part of this Deed of Trust:

**Payment.** Grantor shall pay when due (and in all events prior to delinquency) all taxes, special taxes, assessments, charges (including water and sewer), fines and impositions levied against or on account of the Property, and shall pay when due all claims for work done on or for services rendered or material furnished to the Property. Grantor shall maintain the Property free of all liens having priority over or equal to the interest of Lender under this Deed of Trust, except for the lien of taxes and assessments not due and except as otherwise provided in this Deed of Trust.

**Right to Contest.** Grantor may withhold payment of any tax, assessment, or claim in connection with a good faith dispute over the obligation to pay, so long as Lender's interest in the Property is not jeopardized. If a lien arises or is filed as a result of nonpayment, Grantor shall within fifteen (15) days after the lien arises or, if a lien is filed, within fifteen (15) days after Grantor has notice of the filing, secure the discharge of the lien, or if requested by Lender, deposit with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender in an amount sufficient to discharge the lien plus any costs and attorneys' fees, or other charges that could accrue as a result of a foreclosure or sale under the lien. In any contest, Grantor shall defend itself and Lender and shall satisfy any adverse judgment before enforcement against the Property. Grantor shall name Lender as an additional obligee under any surety bond furnished in the contest proceedings.

**Evidence of Payment.** Grantor shall upon demand furnish to Lender satisfactory evidence of payment of the taxes or assessments and shall authorize the appropriate governmental official to deliver to Lender at any time a written statement of the taxes and assessments against the Property.

**Notice of Construction.** Grantor shall notify Lender at least fifteen (15) days before any work is commenced, any services are furnished, or any materials are supplied to the Property, if any mechanic's lien, materialmen's lien, or other lien could be asserted on account of the work, services, or materials and the cost exceeds $1,000.00. Grantor will upon request of Lender furnish to Lender advance assurances satisfactory to Lender that Grantor can and will pay the cost of such improvements.

**PROPERTY DAMAGE INSURANCE.** The following provisions relating to insuring the Property are a part of this Deed of Trust.

**Maintenance of Insurance.** Grantor shall procure and maintain policies of fire insurance with standard extended coverage endorsements on a fair value basis for the full insurable value covering all improvements on the Real Property in an amount sufficient to avoid application of any coinsurance clause, and with a standard mortgagee clause in favor of Lender, together with such other hazard and liability insurance as Lender may reasonably require. Policies shall be written in form, amounts, coverages and basis reasonably acceptable to Lender and issued by a company or companies reasonably acceptable to Lender. Grantor, upon request of Lender, will deliver to Lender from time to time the policies or certificates of insurance in form satisfactory to Lender, including stipulations that coverages will not be cancelled or diminished without at least ten (10) days prior written notice to Lender. Each insurance policy also shall include an endorsement providing that coverage in favor of Lender will not be impaired in any way by any act, omission or default of Grantor or any other person. Should the Real Property be located in an area designated by the Director of the Federal Emergency Management Agency as a special flood hazard area, Grantor agrees to obtain and maintain Federal Flood Insurance, if available, within 45 days after notice is given by Lender that the Property is located in a special flood hazard area, for the maximum amount of your credit line and the full unpaid principal balance of any prior liens on the property securing the loan, up to the maximum policy limits set under the National Flood Insurance Program, or as otherwise required by Lender, and to maintain such insurance for the term of the loan.

**Application of Proceeds.** Grantor shall promptly notify Lender of any loss or damage to the Property if the estimated cost of repair or replacement exceeds $1,000.00. Lender may make proof of loss if Grantor fails to do so within fifteen (15) days of the casualty. Whether or not Lender's security is impaired, Lender may, at Lender's election, receive and retain the proceeds of any insurance and apply the proceeds to the reduction of the Indebtedness, payment of any lien affecting the Property, or the restoration and repair of the Property. If Lender elects to apply the proceeds to restoration and repair, Grantor shall repair or replace the damaged or destroyed Improvements in a manner satisfactory to Lender. Lender shall, upon satisfactory proof of such expenditure, pay or reimburse Grantor from the proceeds for the reasonable cost of repair or restoration if Grantor is not in default under this Deed of Trust. Any proceeds which have not been disbursed within 180 days after their receipt and which Lender has not committed to the repair or restoration of the Property shall be used first to pay any amount owing to Lender under this Deed of Trust, then to pay accrued interest, and the remainder, if any, shall be applied to the principal balance of the Indebtedness. If Lender holds any proceeds after payment in full of the Indebtedness, such proceeds shall be paid to Grantor as Grantor's interests may appear.

**Compliance with Existing Indebtedness.** During the period in which any Existing Indebtedness described below is in effect, compliance with the insurance provisions contained in the instrument evidencing such Existing Indebtedness shall constitute compliance with the insurance provisions under this Deed of Trust, to the extent compliance with the terms of this Deed of Trust would constitute a duplication of insurance requirement. If any proceeds from the insurance become payable on loss, the provisions in this Deed of Trust for division of proceeds shall apply only to that portion of the proceeds not payable to the holder of the Existing Indebtedness.

**LENDER'S EXPENDITURES.** If Grantor fails (A) to keep the Property free of all taxes, liens, security interests, encumbrances, and other claims, (B) to provide any required insurance on the Property, (C) to make repairs to the Property or to comply with any obligation to maintain Existing Indebtedness in good standing as required below, then Lender may do so. If any action or proceeding is commenced that would materially affect Lender's interests in the Property, then Lender on Grantor's behalf may, but is not required to, take any action that Lender believes to be appropriate to protect Lender's interests. All expenses incurred or paid by Lender for such purposes will then bear interest at the rate charged under the Credit Agreement from the date incurred or paid by Lender to the date of repayment by Grantor. All such expenses will become a part of the Indebtedness and, at Lender's option, will (A) be payable on demand; (B) be added to the balance of the Credit Agreement and be apportioned among and be payable with any installment payments to become due during either (1) the term of any applicable insurance policy; or (2) the remaining term of the Credit Agreement; or (C) be treated as a balloon payment which will be due and payable at the Credit Agreement's maturity. The Deed of Trust also will secure payment of these amounts. The rights provided for in this paragraph shall be in addition to any other rights or any remedies to which Lender may be entitled on account of any default. Any such action by Lender shall not be construed as curing the default so as to bar Lender from any remedy that it otherwise would have had.

**WARRANTY; DEFENSE OF TITLE.** The following provisions relating to ownership of the Property are a part of this Deed of Trust:

**Title.** Grantor warrants that: (a) Grantor holds good and marketable title of record to the Property in fee simple, free and clear of all liens and encumbrances other than those set forth in the Real Property description or in the Existing Indebtedness section below or in any title insurance policy, title report, or final title opinion issued in favor of, and accepted by, Lender in connection with this Deed of Trust, and (b) Grantor has the full right, power, and authority to execute and deliver this Deed of Trust to Lender.

**Defense of Title.** Subject to the exception in the paragraph above, Grantor warrants and will forever defend the title to the Property against the lawful claims of all persons. In the event any action or proceeding is commenced that questions Grantor's title or the interest of Trustee or Lender under this Deed of Trust, Grantor shall defend the action at Grantor's expense. Grantor may be the nominal party in such proceeding, but Lender shall be entitled to participate in the proceeding and to be represented in the proceeding by counsel of Lender's own choice, and Grantor will deliver, or cause to be delivered, to Lender such instruments as Lender may request from time to time to permit such participation.

**Compliance With Laws.** Grantor warrants that the Property and Grantor's use of the Property complies with all existing applicable laws, ordinances, and regulations of governmental authorities.

**Survival of Promises.** All promises, agreements, and statements Grantor has made in this Deed of Trust shall survive the execution and delivery of this Deed of Trust, shall be continuing in nature and shall remain in full force and effect until such time as Borrower's Indebtedness is paid in full.

**EXISTING INDEBTEDNESS.** The following provisions concerning Existing Indebtedness are a part of this Deed of Trust:

**Existing Lien.** The lien of this Deed of Trust securing the Indebtedness may be secondary and inferior to an existing lien. Grantor expressly covenants and agrees to pay, or see to the payment of, the Existing Indebtedness and to prevent any default on such indebtedness, any default under the instruments evidencing such indebtedness, or any default under any security documents for such indebtedness.

**No Modification.** Grantor shall not enter into any agreement with the holder of any mortgage, deed of trust, or other security agreement which has priority over this Deed of Trust by which that agreement is modified, amended, extended, or renewed without the prior written consent of Lender. Grantor shall neither request nor accept any future advances under any such security agreement without the prior written consent of Lender.

**CONDEMNATION.** The following provisions relating to condemnation proceedings are a part of this Deed of Trust:

**Proceedings.** If any proceeding in condemnation is filed, Grantor shall promptly notify Lender in writing, and Grantor shall promptly take such steps as may be necessary to defend the action and obtain the award. Grantor may be the nominal party in such proceeding, but Lender shall be entitled to participate in the proceeding and to be represented in the proceeding by counsel of its own choice, and Grantor will deliver or cause to be delivered to Lender such instruments and documentation as may be requested by Lender from time to time to permit such participation.

**Application of Net Proceeds.** If all or any part of the Property is condemned by eminent domain proceedings or by any proceeding or purchase in lieu of condemnation, Lender may at its election require that all or any portion of the net proceeds of the award be applied to the Indebtedness or the repair or restoration of the Property. The net proceeds of the award shall mean the award after payment of all reasonable costs, expenses, and attorneys' fees incurred by Trustee or Lender in connection with the condemnation.

**IMPOSITION OF TAXES, FEES AND CHARGES BY GOVERNMENTAL AUTHORITIES.** The following provisions relating to governmental taxes, fees and charges are a part of this Deed of Trust:

**Current Taxes, Fees and Charges.** Upon request by Lender, Grantor shall execute such documents in addition to this Deed of Trust and take whatever other action is requested by Lender to perfect and continue Lender's lien on the Real Property. Grantor shall reimburse Lender for all taxes, as described below, together with all expenses incurred in recording, perfecting or continuing this Deed of Trust, including without limitation all taxes, fees, documentary stamps, and other charges for recording or registering this Deed of Trust.

**Taxes.** The following shall constitute taxes to which this section applies: (1) a specific tax upon this type of Deed of Trust or upon all or any part of the Indebtedness secured by this Deed of Trust; (2) a specific tax on Borrower which Borrower is authorized or required to deduct from payments on the Indebtedness secured by this type of Deed of Trust; (3) a tax on this type of Deed of Trust chargeable against the Lender or the holder of the Credit Agreement; and (4) a specific tax on all or any portion of the Indebtedness or on payments of principal and interest made by Borrower.

**Subsequent Taxes.** If any tax to which this section applies is enacted subsequent to the date of this Deed of Trust, this event shall have the same effect as an Event of Default, and Lender may exercise any or all of its available remedies for an Event of Default as provided below unless Grantor either (1) pays the tax before it becomes delinquent, or (2) contests the tax as provided above in the Taxes and Liens section and deposits with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender.

**SECURITY AGREEMENT; FINANCING STATEMENTS.** The following provisions relating to this Deed of Trust as a security agreement are a part of this Deed of Trust:

**Security Agreement.** This instrument shall constitute a Security Agreement to the extent any of the Property constitutes fixtures, and Lender shall have all of the rights of a secured party under the Uniform Commercial Code as amended from time to time.

**Security Interest.** Upon request by Lender, Grantor shall take whatever action is requested by Lender to perfect and continue Lender's security interest in the Personal Property. In addition to recording this Deed of Trust in the real property records, Lender may, at any time and without further authorization from Grantor, file executed counterparts, copies or reproductions of this Deed of Trust as a financing statement. Grantor shall reimburse Lender for all expenses incurred in perfecting or continuing this security interest. Upon default, Grantor shall not remove, sever or detach the Personal Property from the Property. Upon default, Grantor shall assemble any Personal Property not affixed to the Property in a manner and at a place reasonably convenient to Grantor and Lender and make it available to Lender within three (3) days after receipt of written demand from Lender to the extent permitted by applicable law.

**Addresses.** The mailing addresses of Grantor (debtor) and Lender (secured party) from which information concerning the security interest granted by this Deed of Trust may be obtained (each as required by the Uniform Commercial Code) are as stated on the first page of this Deed of Trust.

**FURTHER ASSURANCES; ATTORNEY-IN-FACT.** The following provisions relating to further assurances and attorney-in-fact are a part of this Deed of Trust:

**Further Assurances.** At any time, and from time to time, upon request of Lender, Grantor will make, execute and deliver, or will cause to be made, executed or delivered, to Lender or to Lender's designee, and when requested by Lender, cause to be filed, recorded, refiled, or rerecorded, as the case may be, at such times and in such offices and places as Lender may deem appropriate, any and all such mortgages, deeds of trust, security deeds, security agreements, financing statements, continuation statements, instruments of further assurance, certificates, and other documents as may, in the sole opinion of Lender, be necessary or desirable in order to effectuate, complete, perfect, continue, or preserve (1) Borrower's and Grantor's obligations under the Credit Agreement, this Deed of Trust, and the Related Documents, and (2) the liens and security interests created by this Deed of Trust as first and prior liens on the Property, whether now owned or hereafter acquired by Grantor. Unless prohibited by law or Lender agrees to the contrary in writing, Grantor shall reimburse Lender for all costs and expenses incurred in connection with the matters referred to in this paragraph.

**Attorney-In-Fact.** If Grantor fails to do any of the things referred to in the preceding paragraph, Lender may do so for and in

Case 20-40006-JJR   Doc 9   Filed 02/10/20   Entered 02/10/20 15:59:53   Desc Main

Case 20-40006-JJR   Doc 1   Filed 01/31/20   Entered 01/31/20 16:49:13   Desc Main
Document   Page 18 of 25

# DEED OF TRUST
## (Continued)

the name of Grantor and at Grantor's expense. For such purposes, Grantor hereby irrevocably appoints Lender as Grantor's attorney-in-fact for the purpose of making, executing, delivering, filing, recording, and doing all other things as may be necessary or desirable, in Lender's sole opinion, to accomplish the matters referred to in the preceding paragraph.

**FULL PERFORMANCE.** If Grantor shall well and truly pay and perform the obligations at the time and times, and in the manner mentioned in this Deed of Trust, and shall well and truly abide by and comply with each and every term, covenant and condition set forth in this Deed of Trust, then this conveyance shall be and become null and void and the Trustee shall convey the Property to the Grantor by release deed at Grantor's expense.

**EVENTS OF DEFAULT.** Grantor will be in default under this Deed of Trust if any of the following happen: (A) Grantor commits fraud or makes a material misrepresentation at any time in connection with the Credit Agreement. This can include, for example, a false statement about Borrower's or Grantor's income, assets, liabilities, or any other aspects of Borrower's or Grantor's financial condition. (B) Borrower does not meet the repayment terms of the Credit Agreement. (C) Grantor's action or inaction adversely affects the collateral or Lender's rights in the collateral. This can include, for example, failure to maintain required insurance, waste or destructive use of the dwelling, failure to pay taxes, death of all persons liable on the account, transfer of title or sale of the dwelling, creation of a senior lien on the dwelling without Lender's permission, foreclosure by the holder of another lien, or the use of funds or the dwelling for prohibited purposes.

**RIGHTS AND REMEDIES ON DEFAULT.** If an Event of Default occurs under this Deed of Trust, at any time thereafter, Trustee or Lender may exercise any one or more of the following rights and remedies:

**Election of Remedies.** All of Lender's rights and remedies will be cumulative and may be exercised alone or together. An election by Lender to choose any one remedy will not bar Lender from using any other remedy. If Lender decides to spend money or to perform any of Grantor's obligations under this Deed of Trust, after Grantor's failure to do so, that decision by Lender will not affect Lender's right to declare Grantor in default and to exercise Lender's remedies.

**Accelerate Indebtedness.** Lender shall have the right at its option without notice to Borrower or Grantor, the same being expressly waived, to declare the entire Indebtedness immediately due and payable.

**Foreclosure.** With respect to all or any part of the Real Property, the Trustee, at the Lender's request, shall have the right to enter and take possession of the Real Property and to sell all or part of the Real Property, at public auction, to the highest bidder for cash, free from equity of redemption, and any statutory or common law right of redemption, homestead, dower, marital share, and all other exemptions, after giving notice of the time, place and terms of such sale and of the Real Property to be sold as required by law, or (b) the Trustee or the Lender shall have the right to foreclose by judicial proceeding, in accordance with and to the full extent provided by applicable law.

**UCC Remedies.** With respect to all or any part of the Personal Property, Lender shall have all the rights and remedies of a secured party under the Uniform Commercial Code.

**Collect Rents.** Lender shall have the right, without notice to Borrower or Grantor to take possession of and manage the Property and collect the Rents, including amounts past due and unpaid, and apply the net proceeds, over and above Lender's costs, against the Indebtedness. In furtherance of this right, Lender may require any tenant or other user of the Property to make payments of rent or use fees directly to Lender. If the Rents are collected by Lender, then Grantor irrevocably designates Lender as Grantor's attorney-in-fact to endorse instruments received in payment thereof in the name of Grantor and to negotiate the same and collect the proceeds. Payments by tenants or other users to Lender in response to Lender's demand shall satisfy the obligations for which the payments are made, whether or not any proper grounds for the demand existed. Lender may exercise its rights under this subparagraph either in person, by agent, or through a receiver.

**Appoint Receiver.** Lender shall have the right to make application to a court of competent jurisdiction to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property prior to foreclosure or sale, and to collect the Rents from the Property and apply the proceeds, over and above the cost of the receivership, against the Indebtedness. Lender shall have the right to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, and to collect the Rents from the Property and apply the proceeds, over and above the cost of the receivership, against the Indebtedness. The receiver may serve without bond if permitted by law. Lender's right to the appointment of a receiver shall exist whether or not the apparent value of the Property exceeds the Indebtedness by a substantial amount. Employment by Lender shall not disqualify a person from serving as a receiver.

**Tenancy at Sufferance.** If Grantor remains in possession of the Property after the Property is sold as provided above or Lender otherwise becomes entitled to possession of the Property upon default of Grantor, Grantor shall become a tenant at sufferance of Lender or the purchaser of the Property and shall, at Lender's option, either (1) pay a reasonable rental for the use of the Property, or (2) vacate the Property immediately upon the demand of Lender.

**Other Remedies.** Trustee or Lender shall have any other right or remedy provided in this Deed of Trust or the Credit Agreement or available at law or in equity.

**Notice of Sale.** Lender shall give Grantor reasonable notice of the time and place of any public sale of the Personal Property or of the time after which any private sale or other intended disposition of the Personal Property is to be made. Reasonable notice shall mean notice given at least ten (10) days before the time of the sale or disposition. Any sale of the Personal Property may be made in conjunction with any sale of the Real Property.

**Sale of the Property.** To the extent permitted by applicable law, Borrower and Grantor hereby waives any and all rights to have the Property marshalled, the equity of redemption, any statutory or common law right of redemption, homestead, dower, marital share and all other exemptions and other rights which might defeat, reduce or affect the right of the Lender to sell the Real Property or the Personal Property for the collection of the Indebtedness. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph, including but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Trustee shall give notice of sale by public advertisement in the county in which the Property is located for the time and in the manner provided by applicable law, and Lender or Trustee shall mail a copy of the notice of sale to Borrower. Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and under the terms designated in the notice of sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying that Real Property without any covenant or warranty, express or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it. If the Property is sold pursuant to this paragraph, Borrower, or any person holding possession of the Real Property through Borrower, shall immediately surrender possession of the Real Property to the purchaser at the sale. If possession is not surrendered, Borrower or such person shall be a tenant at will of the purchaser and hereby agrees to pay the purchaser the reasonable rental value of the Real Property after sale.

**Attorneys' Fees; Expenses.** If Lender institutes any suit or action to enforce any of the terms of this Deed of Trust, Lender shall be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal. Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Lender incurs

that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the Indebtedness payable on demand and shall bear interest at the Credit Agreement rate from the date of the expenditure until repaid. Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services, the cost of searching records, obtaining title reports (including foreclosure reports), surveyors' reports, and appraisal fees, title insurance, and fees for the Trustee, to the extent permitted by applicable law. Grantor also will pay any court costs, in addition to all other sums provided by law.

**Rights of Trustee.** Trustee shall have all of the rights and duties of Lender as set forth in this section.

**POWERS AND OBLIGATIONS OF TRUSTEE.** The following provisions relating to the powers and obligations of Trustee are part of this Deed of Trust:

**Powers of Trustee.** In addition to all powers of Trustee arising as a matter of law, Trustee shall have the power to take the following actions with respect to the Property upon the written request of Lender and Grantor: (a) join in preparing and filing a map or plat of the Real Property, including the dedication of streets or other rights to the public; (b) join in granting any easement or creating any restriction on the Real Property; and (c) join in any subordination or other agreement affecting this Deed of Trust or the interest of Lender under this Deed of Trust.

**Indemnification of Trustee.** Grantor agrees to indemnify Trustee for all reasonable costs, charges, and attorneys' fees incurred by Trustee if Trustee is made a party to or intervenes in any action or proceeding affecting the Property, the title to the Property, or the interest of the Trustee or the Lender under this Deed of Trust.

**Obligations to Notify.** Trustee shall not be obligated to notify any other party of a pending sale under any other trust deed or lien, or of any action or proceeding in which Grantor, Lender, or Trustee shall be a party, unless the action or proceeding is brought by Trustee.

**Trustee.** Trustee shall meet all qualifications required for Trustee under applicable law. In addition to the rights and remedies set forth above, with respect to all or any part of the Property, the Trustee shall have the right to foreclose by notice and sale, and Lender will have the right to foreclose by judicial foreclosure, in either case in accordance with and to the full extent provided by applicable law. Trustee shall have the authority, in Trustee's discretion, to employ all proper agents and attorneys in the execution of Trustee's duties under this Deed of Trust and in conducting any sale made pursuant to the terms of this Deed of Trust and to pay for the services rendered by such agents and attorneys out of the proceeds of the sale of the Property. If no sale is made, or if the proceeds of the sale are insufficient to pay such agents and attorneys, then Grantor agrees to pay the cost of such services. The parties in interest hereby waive the necessity of Trustee making oath, filing inventory, or giving bond as security for the execution of this trust, as may be required by the laws of Tennessee.

**Successors and Assigns.** In the event of the death, refusal, or of inability for any cause, on the part of Trustee named in this Deed of Trust, or of any successor trustee, to act at any time when action under the foregoing powers and trust may be required, or for any other reason satisfactory to Lender, Lender is authorized, either in Lender's own name or through an attorney or attorneys in fact appointed for that purpose, by written instrument duly registered, to name and appoint a successor or successors to execute this trust, such appointment to be evidenced by writing, duly acknowledged; and when such writing shall have been registered, the substituted trustee named therein shall thereupon be vested with all the right and title, and clothed with all the power of the Trustee named in this Deed of Trust and such like power of substitution shall continue so long as any part of the debt secured by this Deed of Trust remains unpaid.

**NOTICES.** Any notice required to be given under this Deed of Trust, including without limitation any notice of default and any notice of sale shall be given in writing, and shall be effective when actually delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier, or, if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Deed of Trust. All copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust shall be sent to Lender's address, as shown near the beginning of this Deed of Trust. Any person may change his or her address for notices under this Deed of Trust by giving formal written notice to the other person or persons, specifying that the purpose of the notice is to change the person's address. For notice purposes, Grantor agrees to keep Lender informed at all times of Grantor's current address. Unless otherwise provided or required by law, if there is more than one Grantor, any notice given by Lender to any Grantor is deemed to be notice given to all Grantors. It will be Grantor's responsibility to tell the others of the notice from Lender.

**MISCELLANEOUS PROVISIONS.** The following miscellaneous provisions are a part of this Deed of Trust:

**Amendments.** What is written in this Deed of Trust and in the Related Documents is Grantor's entire agreement with Lender concerning the matters covered by this Deed of Trust. To be effective, any change or amendment to this Deed of Trust must be in writing and must be signed by whoever will be bound or obligated by the change or amendment.

**Caption Headings.** Caption headings in this Deed of Trust are for convenience purposes only and are not to be used to interpret or define the provisions of this Deed of Trust.

**Merger.** There shall be no merger of the interest or estate created by this Deed of Trust with any other interest or estate in the Property at any time held by or for the benefit of Lender in any capacity, without the written consent of Lender.

**Governing Law.** This Deed of Trust will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Tennessee without regard to its conflicts of law provisions. This Deed of Trust has been accepted by Lender in the State of Tennessee.

**Choice of Venue.** If there is a lawsuit, Grantor agrees upon Lender's request to submit to the jurisdiction of the courts of Sumner County, State of Tennessee.

**Joint and Several Liability.** All obligations of Borrower and Grantor under this Deed of Trust shall be joint and several, and all references to Grantor shall mean each and every Grantor, and all references to Borrower shall mean each and every Borrower. This means that each Grantor signing below is responsible for all obligations in this Deed of Trust.

**No Waiver by Lender.** Grantor understands Lender will not give up any of Lender's rights under this Deed of Trust unless Lender does so in writing. The fact that Lender delays or omits to exercise any right will not mean that Lender has given up that right. If Lender does agree in writing to give up one of Lender's rights, that does not mean Grantor will not have to comply with the other provisions of this Deed of Trust. Grantor also understands that if Lender does consent to a request, that does not mean that Grantor will not have to get Lender's consent again if the situation happens again. Grantor further understands that just because Lender consents to one or more of Grantor's requests, that does not mean Lender will be required to consent to any of Grantor's future requests. Grantor waives presentment, demand for payment, protest, and notice of dishonor.

**Severability.** If a court finds that any provision of this Deed of Trust is not valid or should not be enforced, that fact by itself will not mean that the rest of this Deed of Trust will not be valid or enforced. Therefore, a court will enforce the rest of the provisions of this Deed of Trust even if a provision of this Deed of Trust may be found to be invalid or unenforceable.

**Successors and Assigns.** Subject to any limitations stated in this Deed of Trust on transfer of Grantor's interest, this Deed

# DEED OF TRUST
## (Continued)

of Trust shall be binding upon and inure to the benefit of the parties, their successors and assigns. If ownership of the Property becomes vested in a person other than Grantor, Lender, without notice to Grantor, may deal with Grantor's successors with reference to this Deed of Trust and the Indebtedness by way of forbearance or extension without releasing Grantor from the obligations of this Deed of Trust or liability under the Indebtedness.

**Time is of the Essence.** Time is of the essence in the performance of this Deed of Trust.

**Waive Jury.** All parties to this Deed of Trust hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by any party against any other party.

**Miscellaneous Waivers.** Grantor waives all right of homestead, equity of redemption, statutory right of redemption, and relinquishes all other rights and exemptions of every kind, including, but not limited to, a statutory right to an elective share in the Property.

**DEFINITIONS.** The following words shall have the following meanings when used in this Deed of Trust:

**Beneficiary.** The word "Beneficiary" means American Security Bank and Trust, and its successors and assigns.

**Borrower.** The word "Borrower" means John R Williams and includes all co-signers and co-makers signing the Credit Agreement and all their successors and assigns.

**Credit Agreement.** The words "Credit Agreement" mean the credit agreement dated September 9, 2008, **with credit limit of $231,200.00** from Borrower to Lender, together with all renewals of, extensions of, modifications of, refinancings of, consolidations of, and substitutions for the promissory note or agreement. NOTICE TO GRANTOR: THE CREDIT AGREEMENT CONTAINS A VARIABLE INTEREST RATE.

**Deed of Trust.** The words "Deed of Trust" mean this Deed of Trust among Grantor, Lender, and Trustee, and includes without limitation all assignment and security interest provisions relating to the Personal Property and Rents.

**Environmental Laws.** The words "Environmental Laws" mean any and all state, federal and local statutes, regulations and ordinances relating to the protection of human health or the environment, including without limitation the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. Section 9601, et seq. ("CERCLA"), the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499 ("SARA"), the Hazardous Materials Transportation Act, 49 U.S.C. Section 1801, et seq., the Resource Conservation and Recovery Act, 42 U.S.C. Section 6901, et seq., the Hazardous Waste Management Substances Act of 1998, T.C.A., 68-212-201, et seq., or other applicable state or federal laws, rules, or regulations adopted pursuant thereto.

**Event of Default.** The words "Event of Default" mean any of the events of default set forth in this Deed of Trust in the events of default section of this Deed of Trust.

**Existing Indebtedness.** The words "Existing Indebtedness" mean the indebtedness described in the Existing Liens provision of this Deed of Trust.

**Grantor.** The word "Grantor" means John R Williams and Carlyn R Williams.

**Hazardous Substances.** The words "Hazardous Substances" mean materials that, because of their quantity, concentration or physical, chemical or infectious characteristics, may cause or pose a present or potential hazard to human health or the environment when improperly used, treated, stored, disposed of, generated, manufactured, transported or otherwise handled. The words "Hazardous Substances" are used in their very broadest sense and include without limitation any and all hazardous or toxic substances, materials or waste as defined by or listed under the Environmental Laws. The term "Hazardous Substances" also includes, without limitation, petroleum and petroleum by-products or any fraction thereof and asbestos.

**Improvements.** The word "Improvements" means all existing and future improvements, buildings, structures, mobile homes affixed on the Real Property, facilities, additions, replacements and other construction on the Real Property.

**Indebtedness.** The word "Indebtedness" means all principal, interest, and other amounts, costs and expenses payable under the Credit Agreement or Related Documents, together with all renewals of, extensions of, modifications of, consolidations of and substitutions for the Credit Agreement or Related Documents and any amounts expended or advanced by Lender to discharge Grantor's obligations or expenses incurred by Trustee or Lender to enforce Grantor's obligations under this Deed of Trust, together with interest on such amounts as provided in this Deed of Trust. Specifically, without limitation, Indebtedness includes all amounts that may be indirectly secured by the Cross-Collateralization provision of this Deed of Trust.

**Lender.** The word "Lender" means American Security Bank and Trust, its successors and assigns. The words "successors or assigns" mean any person or company that acquires any interest in the Credit Agreement.

**Personal Property.** The words "Personal Property" mean all equipment, fixtures, and other articles of personal property now or hereafter owned by Grantor, and now or hereafter attached or affixed to the Real Property; together with all accessions, parts, and additions to, all replacements of, and all substitutions for, any of such property; and together with all proceeds (including without limitation all insurance proceeds and refunds of premiums) from any sale or other disposition of the Property.

**Property.** The word "Property" means collectively the Real Property and the Personal Property.

**Real Property.** The words "Real Property" mean the real property, interests and rights, as further described in this Deed of Trust.

**Related Documents.** The words "Related Documents" mean all promissory notes, credit agreements, loan agreements, environmental agreements, guaranties, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness.

**Rents.** The word "Rents" means all present and future rents, revenues, income, issues, royalties, profits, and other benefits derived from the Property.

**Trustee.** The word "Trustee" means Mark D. Thomas, whose address is 101 Springhouse Court, Hendersonville, TN 37075 and any substitute or successor trustees.

EACH GRANTOR ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS DEED OF TRUST, AND EACH GRANTOR AGREES TO ITS TERMS.

GRANTOR:

x _____
John R Williams

x _____
Carlyn R Williams

## INDIVIDUAL ACKNOWLEDGMENT

STATE OF __Tennessee__ )
                                                    ) SS
COUNTY OF __Sumner__ )

Personally appeared before me, ____Rebecca Campbell____, a Notary Public in and for said State and County, John R Williams and Carlyn R Williams, Husband and Wife, the within-named bargainors, with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence), and who acknowledged that they executed the foregoing instrument for the purposes therein contained.

WITNESS my hand and seal at office, on the ____9th____ day of ____September____, 20 __08__

My Commission Expires: __2-20-12__                                    Notary Public

LASER PRO Lending, Ver. 5.35.00.004  Copr. Harland Financial Solutions, Inc. 1997, 2008. All Rights Reserved.  - TN  M:\CF\LPL\G01.FC  TR-1438  PR-11

File No.: 80664

# EXHIBIT A

Land located in the 6ª Civil District of Sumner County, Tennessee and being Unit 4-B of THE VINEYARD AT TWELVE STONES CROSSING, A HORIZONTAL PROPERTY REGIME WITH PRIVATE ELEMENTS, WHICH IS A PLANNED UNIT DEVELOPMENT, created under Title 66, Chapter 27, Section 103(b) Tennessee Code Annotated, and as established by Declaration of Covenants, Conditions and Restrictions for The Vineyard at Twelve Stones Crossing, of record in Record Book 2364, Page 146, Register's Office for Sumner County, Tennessee, reference is hereby made to the Plat of The Vineyard at Twelve Stones Crossing set forth in Exhibit C of said Declaration for the locate of the Unit described herein.

Being the same property conveyed to the grantor by deed of record in Book ___**3017**___, Page ___**8**___, Register's Office for Sumner County, Tennessee.

Carlyn R. Williams, wife of John R. Williams, joins in the conveyance for the purpose of conveying any interest, marital or otherwise, she may have in said property.

# 2010 Tennessee Code
# Title 25 - Judgments
# Chapter 5 - Lien of Judgment
# 25-5-101 - Real property.

**25-5-101. Real property.**

**(a)** Judgments and decrees obtained before July 1, 1967, in any court of record of this state, in the county where the debtor resides at the time of rendition, shall be liens upon the debtor's land in that county from the time the same were rendered.

**(b) (1)** Except as provided in subdivision (b)(2), judgments and decrees obtained from and after July 1, 1967, in any court of record and judgments in excess of five hundred dollars ($500) obtained from and after July 1, 1969, in any court of general sessions of this state shall be liens upon the debtor's land from the time a certified copy of the judgment or decree shall be registered in the lien book in the register's office of the county where the land is located. If such records are kept elsewhere, no lien shall take effect from the rendition of such judgments or decrees unless and until a certified copy of the same is registered as otherwise provided by law.

**(2)** Judgments and decrees obtained by a governmental entity from and after July 1, 2005, in any court in counties having a metropolitan form of government with a population of more than five hundred thousand (500,000), according to the 2000 federal census or any subsequent federal census, shall be liens upon the debtor's land from the time a certified copy of the judgment or decree is registered in the lien book in the register's office of the county where the land is located. If such records are kept elsewhere, no lien shall take effect from the rendition of such judgments or decrees, unless and until a certified copy of the lien is registered as otherwise provided by law.

**(c)** Attachments, orders, injunctions and other writs affecting title, use or possession of real estate, issued by any court, shall be effective against any person having, or later acquiring, an interest in such property who is not a party to the action wherein such attachment, order, injunction or other writ is issued only after an appropriate copy or abstract, or a notice of lis pendens, is recorded in the register's office of the county wherein the property is situated. If an abstract is used, the contents shall be as prescribed in § 25-5-108.

[Code 1858, § 2980 (deriv. Acts 1831, ch. 90, § 7; 1833, ch. 92, § 6); Shan., § 4708; Code 1932, § 8043; Acts 1957, ch. 310, § 1; 1967, ch. 375, § 1; 1969, ch. 33, § 1; T.C.A. (orig. ed.), § 25-501; Acts 1983, ch. 212, § 1; 2005, ch. 306, §§ 1, 2.]

# 2010 Tennessee Code
# Title 25 - Judgments
# Chapter 5 - Lien of Judgment
# 25-5-102 - Equitable interests.

**25-5-102. Equitable interests.**

A judgment or decree shall not bind the equitable interest of the debtor in real estate or other property until a memorandum or abstract of the judgment or decree, stating the amount and date thereof, with the names of the parties is certified by the clerk and registered in the register's office of the county where the real estate is situated.

[Code 1858, § 2984 (deriv. Acts 1832, ch. 11, § 3; 1832, ch. 92, § 6); Shan., § 4712; mod. Code 1932, § 8047; Acts 1967, ch. 375, § 3; T.C.A. (orig. ed.), § 25-503.]