IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>JOHN R. WILLIAMS and CARLYN R. WILLIAMS,<br><br>    Debtors. | Case No. 19-40560-JJR-7<br>Chapter 7 |
| ROCCO J. LEO, as Chapter 7 Trustee,<br><br>    Plaintiff,<br><br>v.<br><br>CAPSTAR BANK, TRUSTMARK NATIONAL BANK, and JEFFREY R. WILLIAMS,<br><br>    Defendants. | Adversary No. 20-40006-JJR |

### CAPSTAR BANK'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

COMES NOW, CapStar Bank ("CapStar"), and files this Memorandum of Law in Support of its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) as incorporated by Fed. R. Bankr. P. 7012, respectfully showing this Honorable Court as follows:

### INTRODUCTION

In this action, the Chapter 7 Trustee is attempting to avoid a properly perfected deed of trust held by CapStar on the basis that an unidentified Tennessee law – which does not exist – provides that if all property owners do not sign a deed of trust that it is void in its entirety. That is not so, and the Trustee has failed to state a claim.

1

## STATEMENT OF FACTS

The facts necessary to the determination of this motion are extremely succinct. The Debtors, John and Carlyn Williams ("Debtors"), own the property at 119 Tara Lane, Goodlettsville, TN 37072 (the "Property"), along with their son, Jeffrey R. Williams. [Doc. 1] at ¶¶ 5, 11. The Debtors executed a deed of trust in favor of American Security Bank and Trust, but co-owner Jeffrey R. Williams did not sign. *Id.* at ¶¶ 8, 10. CapStar is the successor to American Bank and Trust. *Id.* at ¶ 9. The Trustee brought this adversary asserting that "[t]he failure to have all the owners of the Property to execute the DOT renders the mortgage invalid under the Tennesee Code to third parties." *Id.* at ¶ 24. That is simply not true.

## ARGUMENT AND CITATION OF AUTHORITY

### A. STANDARD OF REVIEW

This Court may grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if the complaint does not state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). In considering a motion to dismiss, the Court must treat all well-plead allegations of the Complaint as true. *Id.* However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). "Rule 8 marks a notable and generous departure from the hyper-technical code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79.

2

B.  **THERE IS NO TENNESSEE LAW THAT RENDERS THE DEED OF TRUST INVALID**

In the Trustee's sole cause of action against CapStar, he is attempting to avoid the Deed of Trust under 11 U.S.C. § 544 because he contends that "[t]he failure to have all the owners of the Property to execute the DOT renders the mortgage invalid under the Tennesee Code to third parties." [Doc. 1] at ¶ 24.

> Section 544 of the Bankruptcy Code authorizes a bankruptcy trustee to stand in the shoes of the debtor and exercise certain "strong-arm" powers. The purpose of § 544 is to arm the trustee with sufficient powers to gather in the property of the estate. Thus, the trustee is considered a *bona fide* purchaser of real property in the bankruptcy estate and may avoid obligations of the debtor that are voidable by such a purchaser. *See* 11 U.S.C. § 544(a)(3). He is also considered an ideal hypothetical lien creditor armed with a judgment and may contest the validity of certain liens. *See* 11 U.S.C. § 544(a)(1).

*Kaplia v. Atlantic Mortg. and Inv. Corp. (In re Halabi)*, 184 F.3d 1335, 1337 (11th Cir. 1999).

Here, the Trustee alleges that the Deed of Trust is voidable by a bona fide purchaser or lien creditor because of some Tennessee law that renders the lien invalid. According to the Complaint, "Tennessee Code Section 66-24-101 et seq and Section 66-22-101 et seq" are the relevant statutes that require all owners of a property to execute a deed of trust. A review of these statutory sections reveals that is simply not true. First, Tenn. Code Ann. § 66-24-101 *et seq.* is a Chapter of the Tennessee Code that addresses the recording of certain documents. Not one of the individual subparts of the Chapter is remotely related to the legal theory espoused by the Trustee (and the Trustee did not even identify the subpart that would support his case), and moreover, if any document is recorded in the deed records without complying with any subpart, it is still considered to be validly recorded. *See* Tenn. Code Ann. § 66-24-112 ("a failure of the record to show a compliance with the requirements of this chapter shall in nowise affect the validity of the registration of any registered instrument."). The other set of statutes cited by the Trustee – Tenn. Code Ann. § 66-22-101 *et seq.* – governs how recorded instruments are acknowledged before a

3

notary public. The Trustee does not allege any issue with the acknowledgement, so this set of statutes is irrelevant.

While Jeffery Williams did not execute the Deed of Trust, the only result of that omission is that his interest is presently unencumbered. However, his interest is not property of the bankruptcy estate since he is not a debtor. The Debtors' interests were properly conveyed by the Deed of Trust and the Trustee cannot avoid that conclusion. The Complaint must be dismissed.

## CONCLUSION

Based on the foregoing, CapStar respectfully requests that this Court grant its Motion to Dismiss.

Respectfully submitted, this 19th day of March, 2020.

> */s/ Amanda Beckett*
> Amanda M. Beckett (ASB-1884-N75B)
> Timothy P. Pittman (ASB-0075-I51P)
> **RUBIN LUBLIN, LLC**
> 428 N. Lamar Blvd., Suite 107
> Oxford, MS 38655
> (601) 398-0153 (Telephone)
> (404) 921-9016 (Facsimile)
> abeckett@rubinlublin.com
> tpittman@rubinlublin.com
>
> *Attorneys for CapStar Bank*

4

# CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2020, I filed the within and foregoing via CM/ECF, which will serve notice on the following via electronic means:

Max. C. Pope, Jr.
P.O. Box 2958
Birmingham, AL 35202

Gilbert L. Fontenot
Maples & Fontenot, LLP
P.O. Box 1281
Mobile, AL 36633

Erskine R. Funderburg, Jr.
Trussell, Funderburg, Rea, Bell & Ferguson, P.C.
1905 First Avenue South
Pell City, AL 35125

                                               */s/ Amanda Beckett*
                                               Amanda M. Beckett (ASB-1884-N75B)

5

Case 20-40006-JJR    Doc 16-1    Filed 03/19/20    Entered 03/19/20 16:03:13    Desc
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS    Page 5 of 5