IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>JOHN R. WILLIAMS and CARLYN R. WILLIAMS,<br><br>    Debtors. | Case No. 19-40560-JJR-7<br>Chapter 7 |
| ROCCO J. LEO, as Chapter 7 Trustee,<br><br>    Plaintiff,<br><br>v.<br><br>CAPSTAR BANK, TRUSTMARK NATIONAL BANK, and JEFFREY R. WILLIAMS,<br><br>    Defendants. | Adversary No. 20-40006-JJR |

### CAPSTAR BANK'S REPLY TO THE PLAINTIFF'S RESPONSE TO ITS MOTION TO DISMISS

COMES NOW, CapStar Bank ("CapStar"), and files this Reply to the Plaintiff's Response to its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), respectfully showing this Honorable Court as follows:

### ARGUMENT AND CITATION OF AUTHORITY

**A. THE TRUSTEE IS RELYING ON SUPERSEDED CASE LAW IN AN EFFORT TO DEFEAT THE MOTION TO DISMISS**

In this case, the Plaintiff is seeking to set aside a deed of trust based on a meritless argument that Tennessee law provides that if all property owners do not sign a deed of trust, it is void in its entirety. *See* [Doc. 1] at ¶ 24. Specifically, the deed of trust at issue here was signed by Debtors John and Carlyn Williams, but not by Jeffrey Williams, who is on title to the subject

1

property. *Id.* at ¶ 10. CapStar filed a Motion to Dismiss, arguing that the only effect of Jeffrey Williams not signing is that the deed of trust does not encumber his interest. *See* [Doc. 16-1].

In Response, the Plaintiff claims that "Tennessee Courts have held that an unauthenticated signature renders the whole Deed of Trust invalid as to third parties such as a lien creditor which is the position of the Trustee." [Doc. 33] at ¶ 4. The Plaintiff admits that "two of the owners have signed and had their signature authenticated as required by the Tennessee Code." The cases cited in the Plaintiff's response -- *In re Crim*, 81 S.W.3d 764 (Tenn. 2002); *In re Hutchens*, 69 B.R. 402 (Bankr. E.D. Tenn. 1987); and *In re Airport-81 Nursing Care, Inc.*, 29 B.R. 501 (Bankr. E.D. Tenn.) – all address an improper notary acknowledgment block, not a missing signature. In any event, the seminal case of *In re Crim* not only supports CapStar's position, but it has been superseded by statutory amendments. Those amendments also support CapStar's position.

In *Crim*, the Tennessee Supreme Court – on a certified question from the U.S. Bankruptcy Court from the Middle District of Tennessee – was asked to decide the effect of a deed of trust signed by Edward and Jayne Crim. Jayne signed individually and as attorney in fact for Edward. 81 S.W.3d at 766. The notary acknowledgement stated that both Edward and Jayne appeared personally, which was incorrect, as only Jayne appeared. *Id.* at 767. The bankruptcy trustee filed an adversary to avoid the deed of trust. *Id.* at 766. The Tennessee Supreme Court first held that the acknowledgement of Edward's signature was defective because it needed to say that Jayne was "the natural person acting on behalf of Mr. Crim" rather than Edward appearing personally. *Id.* at 767. The Court noted that Tenn. Code Ann. § 66-26-103 (2002) provided that "[a]ny such instrument not so proved, acknowledged and registered, or noted for registration, shall be null and void as to all existing or subsequent creditors of, or bona fide

2

Case 20-40006-JJR    Doc 35    Filed 05/20/20    Entered 05/20/20 15:36:49    Desc Main
Document    Page 2 of 5

purchasers from, the makers without notice." *Id.* Because of this, the Court held that the deed of trust was void. *Id.* at 770. However, this was limited only to Edward's interest. *Id.* Because Jayne's signature was properly acknowledged, the deed of trust properly conveyed her interest. *Id.* ("Therefore, the deed of trust is legally registered and is valid as to subsequent creditors and bona fide purchasers, insofar as Jayne Crim's interest in the property is concerned.").

As the facts and holding of *Crim* show, it does not help the Plaintiff. The Plaintiff does not allege that the signatures of either Debtor – the only interests that are property of the bankruptcy estate – were improperly acknowledged. In fact, he admits that everything is fine with their signatures. Instead, his arguments center around the missing – or perhaps defectively acknowledged – signature of Jeffrey Williams. As *Crim* holds, that does not make the deed of trust null and void in its entirety. It would only be null and void as to Jeffrey's interest and completely valid as it relates to the Debtors' interests.

More importantly, however, *Crim* is no longer good law. In 2005, the Tennessee General Assembly amended Tenn. Code Ann. § 66-26-103, likely for the sole purpose of abrogating the decision.[1] The amendment deleted the words "proved" and "acknowledged" and the statute now reads "[a]ny instrument not so registered, or noted for registration, shall be null and void as to existing or subsequent creditors of, or bona fide purchasers from, the makers without notice." Tenn. Code Ann. § 66-26-103. At the same time, the General Assembly enacted Tenn. Code Ann. § 66-24-101(e)(2), which states that if an instrument is registered but not properly acknowledged, "the instrument shall be deemed to be validly registered for the purposes of §§ 66-26-102 and 66-26-103, and in full compliance with all statutory requirements set forth in § 66-22-101, and all interested parties shall be on constructive notice of the contents of the

---

[1] Because of these amendments, there is no need to discuss the 1983 and 1987 bankruptcy cases cited by the Trustee, which similarly rely on the now-amended statutes.

3

instrument." *See Mostoller v. Equity One, Inc. (In re Hickman)*, 367 B.R. 620, 623-25 (Bankr. E.D. Tenn. 2007). These amendments "apply to all instruments of record on or after June 6, 2005." Tenn. Code Ann. § 66-24-101(f). The deed of trust here was executed and recorded in 2008. *See* [Doc. 1] at p. 13.

In short, the law provides that any instrument registered in Tennessee is valid as to third parties with respect to the interests of the individuals who signed the instrument, regardless of whether their signature is properly acknowledged/authenticated by a notary. In our case, this Court is confronted with a deed of trust to property owned by the Debtors and Jeffrey Williams, but only signed by the Debtors. Under the current state of Tennessee law – and the state of the law as it existed in 2008 – the only effect of Jeffrey's missing signature is that the deed of trust did not convey his interest as security for the loan. There is absolutely no Tennessee law, and the Plaintiff has not cited to any, which holds that if one of multiple owners fails to sign a deed of trust, that it is completely invalid. The Plaintiff has failed to state a claim upon which relief can be granted, and all claims against CapStar must be dismissed.

## CONCLUSION

Based on the foregoing, CapStar respectfully renews its request that this Court grant its Motion to Dismiss.

4

Respectfully submitted, this 20th day of May, 2020.

/s/ Amanda Beckett
Amanda M. Beckett (ASB-1884-N75B)
Timothy P. Pittman (ASB-0075-I51P)
**RUBIN LUBLIN, LLC**
428 N. Lamar Blvd., Suite 107
Oxford, MS 38655
(601) 398-0153 (Telephone)
(404) 921-9016 (Facsimile)
abeckett@rubinlublin.com
tpittman@rubinlublin.com

*Attorneys for CapStar Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2020, I filed the within and foregoing via CM/ECF, which will serve notice on the following via electronic means:

Max. C. Pope, Jr.
P.O. Box 2958
Birmingham, AL 35202

Gilbert L. Fontenot
Maples & Fontenot, LLP
P.O. Box 1281
Mobile, AL 36633

Erskine R. Funderburg, Jr.
Trussell, Funderburg, Rea, Bell & Ferguson, P.C.
1905 First Avenue South
Pell City, AL 35125

/s/ Amanda Beckett
Amanda M. Beckett (ASB-1884-N75B)

5